# IN THE COURT OF APPEALS OF IOWA

No. 21-1296
Filed December 15, 2021

**IN THE INTEREST OF M.C. and Z.C.,**
**Minor Children,**

**P.C., Father,**
     Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Stephanie Forker

Parry, District Associate Judge.

A father appeals the termination of his parental rights.  **AFFIRMED.**

Dean A. Fankhauser, Sioux City, for appellant father.

Thomas J. Miller, Attorney General, and Toby J. Gordon, Assistant Attorney

General, for appellee State.

Joseph W. Kertels of Juvenile Law Center, Sioux City, attorney and

guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**MAY, Judge.**

A father appeals the termination of his parental rights to two of his children, M.C. and Z.C.[1] On appeal, the father challenges the statutory grounds authorizing termination and whether termination is in the children's best interests. We affirm.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We consider: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

The father challenges the statutory grounds authorizing termination. The juvenile court found the statutory grounds under Iowa Code section 232.116(1)(*l*) (2021) satisfied with respect to both children, section 232.116(1)(f) with respect to Z.C., and section 232.116(1)(h) with respect to M.C. When, as here, the juvenile

---

[1] The father's rights to a third child, C.C., were also terminated. He does not appeal the termination of his rights with respect to C.C.

The mother passed away after the termination hearing but before the juvenile court issued the termination order.

court terminates under multiple statutory grounds, we may affirm on any ground satisfied. *In re J.D.*, No. 21-0391, 2021 WL 3379037, at *1 (Iowa Ct. App. Aug. 4, 2021). We choose to address paragraph (f) as to Z.C. and paragraph (h) as to M.C. These paragraphs differ slightly. Paragraph (f) authorizes termination of a parent's parental rights when:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(f). Paragraph (h) is nearly identical except it applies to a child who is "three years of age or younger" and only requires the child be removed "for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days." *Id.* § 232.116(1)(h). But the father only challenges the fourth element under both paragraphs—whether the children could be returned to his home. This element is satisfied when the State establishes the children cannot be safely returned to the parent at the time of the termination hearing. *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020).

We conclude the children could not be safely returned to the father's home. The father struggles with methamphetamine use. He has used throughout the life of this case and tested positive in June 2021, less than two weeks prior to the termination hearing. "A parent's methamphetamine use, in itself, creates a

dangerous environment for children." *J.P.*, 2020 WL 110425, at *2. "We cannot turn a blind eye to the [father's] history of use. And we fear [his] continued methamphetamine use is likely in the future." *See In re E.G.*, No. 21-0467, 2021 WL 2709486, at *2 (Iowa Ct. App. June 30, 2021). Because we believe the father's methamphetamine use is ongoing, we conclude the children could not be safely returned to the father's care. *See In re L.B.*, No. 18-1017, 2018 WL 3650370, at *1 (Iowa Ct. App. Aug. 1, 2018) (collecting cases affirming termination of a parent's parental rights when the parent has a history of substance abuse). We conclude a statutory ground for termination is satisfied for both children and move to our next step.

The father argues termination is not in the children's best interests. When making a best-interest determination, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

We conclude termination is in the children's best interests. These children have spent much of their lives out of the father's care and in a foster home. They are integrated into the foster home, and the foster parent is willing to permanently integrate the children into her home. *See* Iowa Code § 232.116(2)(b). Termination is necessary for this to occur. Moreover, the father did not appeal the termination

of his rights to his oldest child, C.C. So termination is also necessary to keep the three children together, which we think is best in this instance. *See In re B.H.*, No. 06-0009, 2006 WL 470220, at *1 (Iowa Ct. App. Mar. 1, 2006) (recognizing siblings have an interest in remaining together); *cf.* Iowa Code § 232.108(1) (requiring the Iowa Department of Human Services make reasonable efforts to place siblings together). Accordingly, we conclude termination is in the children's best interests.

**AFFIRMED.**